**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aziz Aityahia,<br><br>          Plaintiff,<br><br>v.<br><br>Westwind School of Aeronautics, Westwind Air Service, and United Airlines Incorporated,<br><br>          Defendants. | No. CV-21-01109-PHX-SMB<br><br>**ORDER** |

Pending before the Court are multiple motions to dismiss, including Defendant United Airlines, Inc.'s ("United's") Motion, (Doc. 18), as well as Westwind Defendants'[1] Partial Motion, (Doc. 14). Both motions are fully briefed. (*See* Docs. 28; 30; 33; 35.) Also pending before the Court is Plaintiff's Motion to Amend, (Doc. 36), to which United and Westwind Defendants responded, (*see* Docs. 37; 38). Relatedly, Plaintiff filed a document that the Court will construe as his Proposed Amended Complaint. (*See* Doc. 41.) Westwind Defendants and United filed supplemental responses opposing the amendments. (*See* Docs. 42; 43.) The Court held oral argument on the motions to dismiss on March 3, 2020. However, it finds oral argument unnecessary on the Motion to Amend. *See* LRCiv 7.2(f). After considering the parties' briefings, arguments, and existing caselaw, the Court will grant the motions to dismiss, (Docs. 14; 18), and deny Plaintiff's Motion to Amend,

---

[1] Westwind Defendants includes Westwind School of Aeronautics ("Westwind School") and Westwind Air Services ("Westwind Air").

1  (Doc. 36), for reasons explained below.

2  **I.  BACKGROUND**

3  Plaintiff alleges that, in February of 2020, he applied for a flight instructor position with Westwind School, that he was offered the position after meeting with the school's chief flight instructor, and that he had his offer withdrawn the following day (the "February 2020 Allegation"). (Doc. 1 at 5–6.) Then, in July of 2020, Plaintiff filed a charge of discrimination (the "2020 Charge") with the Arizona Civil Rights Division ("ACRD") and the Equal Employment Opportunity Commission ("EEOC") against Westwind School. (*See id.* (referencing Plaintiff's charge of discrimination filed concurrently with the ACRD and EEOC).) Therein, Plaintiff alleged that he was subject to discrimination based on his Algerian national origin in violation of Arizona Civil Rights Act and Title VII of the Civil Rights Act of 1964 ("Title VII"). (*See* Doc. 14-2 at 2; Doc. 18-1 at 4.) The EEOC issued Plaintiff a right-to-sue letter related to the 2020 Charge on March 31, 2021. (Doc. 1 at 9–10.) Plaintiff then filed this lawsuit under Title VII on June 25, 2021. (*See* Doc. 1)

Plaintiff's Complaint also alleges other instances of discrimination that pre-date the February 2020 Allegation (the "Pre-2020 Claims"). (*Id.* at 6–7.) The Pre-2020 Claims include allegations of discrimination against Westwind Air and Westwind School, (*see id.* (alleging failure to hire Plaintiff in 2019 and 2014)), and against United, (*see id.* at 7 (alleging that "[e]arlier this year, United Airlines released a statement promising to hire more pilots from the minority group, a self-[evident] of lack of diversity among its pilot group")). However, the Complaint does not allege that Plaintiff filed a charge of discrimination in connection with any of the Pre-2020 Claims against Westwind School, Westwind Air, or United. (*See id.* at 5–7.) Additionally, Plaintiff did not refer to United or Westwind Air in his 2020 Charge—only Westwind School was named. (*See generally* Doc. 1; *see also* Doc. 14-2 at 2; Doc. 18-1 at 4.)

All Defendants filed motions to dismiss under Rule 12(b)(6), (Docs. 14; 18), and Plaintiff subsequently file his Motion to Amend, (Doc. 36), as well as his Proposed Amended Complaint, (Doc. 41).

- 2 -

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Westwind Defendants Motion to Dismiss

Plaintiff's claims fall into two broad categories: (1) the national origin discrimination claim, related to the 2020 Charge; and (2) and the Pre-2020 Claims. Westwind Defendants have moved to dismiss (a) all Pre-2020 Claims against Westwind School, and (b) all claims against Westwind Air.[2] (Doc. 14 at 1.) Westwind Defendants argue dismissal is appropriate here because Plaintiff has failed to exhaust his administrative remedies, and the claims are time-barred. (*Id.*) The Court agrees.

Before asserting a claim under Title VII, a plaintiff must exhaust his administrative remedies by first timely filing a charge of discrimination with the EEOC or an applicable state agency. 42 U.S.C. § 2000e-5(e)(1), (f)(1); *see also Fort Bend Cnty. v. Davis*, 139 S.

---

[2] The Complaint does not contain a claim against Westwind Air related to the 2020 Charge, nor is Westwind Air named in the 2020 Charge. (*See* Doc. 1; Doc. 14-2 at 2.) Thus, a dismissal of Pre-2020 Claims against Westwind Air will result in their being dismiss from the lawsuit entirely.

- 3 -

1 Ct. 1843, 1846 (2019) ("As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission."). Although "Title VII's charge-filing requirement is a processing rule," and not a jurisdiction one, it is nonetheless a "mandatory" rule. *Fort Bend Cnty*, 139 S. Ct. at 1851. A charge is timely filed under Title VII if it is filed within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). This deadline is extended to 300 days if the plaintiff files a charge with an applicable state or local agency, as is the case here. *Id.*

Where the alleged discrimination is a "discrete act," such as the failure to hire, the act is deemed to have occurred on the day that it happened and, consequently, the plaintiff must file a charge of discrimination within 300 days of the date the act occurred. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–11 (2002). "A claim is time barred if it is not filed within these time limits." *Id.* at 109. Discrete acts of alleged discrimination "are not actionable if time barred, even when they are related to acts alleged in timely filed charges," because "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113.

Plaintiff's claims against Westwind Air—which are Pre-2020 Claims for failure to hire in 2014 and 2019—must be dismissed. Regarding the 2019 claim, Plaintiff does not allege that he filed a charge of discrimination within 300 days of the alleged failure to hire, nor does he allege that the current lawsuit was filed within 90 days of receiving such a charge. Regarding the 2014 claim, although Plaintiff alleges that he filed a "discrimination complaint," (Doc. 1 at 7), the Complaint does not allege that Plaintiff received a right-to-sue letter and filed the current lawsuit within 90 days of such letter. Thus, Plaintiff's 2019 claim fails because he has not exhausted his administrative remedies, and his 2014 claim fails because it is time-barred. *See National R.R. Passenger Corp.*, 536 U.S. at 109.

Likewise, the Pre-2020 Claims against Westwind School must be dismissed. Plaintiff claims that Westwind School failed to hire him in 2002 and 2019. (Doc. 1 at 6–7.) However, Plaintiff does not allege, for either claim, that he timely filed a charge of

discrimination with the EEOC or that he timely filed suit after receiving a right-to-sue letter. As a result, Plaintiff has failed to exhaust his administrative remedies, and these claims are time-barred. *See National R.R. Passenger Corp.*, 536 U.S. at 109.

Moreover, the Court is not persuaded by Plaintiff's argument that the 2002 and 2019 claims establish "continuing employment discrimination," based on his national origin. (Doc. 28 at 6.) As the Supreme Court explained in *National R.R. Passenger Corp.*, discrete acts of alleged discrimination, such as the failure to hire, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges," because "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." 536 U.S. at 113. Thus, the 2002 and 2019 claims against Westwind School are time-barred.

Therefore, the Court will grant Westwind Defendants' Partial Motion to Dismiss.

**B. United's Motion to Dismiss**

Plaintiff also alleges employment discrimination against United. (Doc. 1 at 7.) United argues that Plaintiff has failed to exhaust his administrative remedies, and that his claims are time-barred. (Doc. 18 at 5.) The Court agrees with United.

First, Plaintiff does not claim to have filed a charge of discrimination against United for any Pre-2020 Claims. (*See* Doc. 1 at 5–7.) Second, Plaintiff's 2020 Charge names Westwind School as the only respondent and does not mention United. (Doc. 18-1 at 4.) Consequently, Plaintiff has failed to exhaust his administrative remedies against United, and the claims—which took place in February 2020 or earlier—are now time-barred. *See National R.R. Passenger Corp.*, 536 U.S. at 109.

Nonetheless, Plaintiff argues that United can be held liable for the February 2020 Allegations against Westwind School as a "successor" employer. (Doc. 30 at 1.) United responds that (1) Plaintiff's argument is an attempt to circumvent the exhaustion requirement; (2) Plaintiff did not plead his successor liability theory in his Complaint, and (3) Plaintiff acknowledges that United's acquisition of Westwind School occurred months after the events Plaintiff alleged in his 2020 Charge and this suit. (Doc. 33 at 3.) United is correct on all three points.

Although the Ninth Circuit has "held the successorship doctrine to apply to Title VII obligations," courts should refrain "from imposing liability under Title VII on succeeding employers where unwarranted by the facts of the case." *Bates v. Pac. Mar. Ass'n*, 744 F.2d 705, 708 (9th Cir. 1984). Consequently, the appropriateness of successor liability is a flexible, fact intensive inquiry. *See Howard Johnson Co. v. Detroit Loc. Joint Exec. Bd.*, 417 U.S. 249, 256 (1974) ("[I]n light of the difficulty of the successorship question, the myriad factual circumstances and legal contexts in which it can arise, and the absence of congressional guidance as to its resolution, emphasis on the facts of each case as it arises is especially appropriate."); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 782 (9th Cir. 2010) ("Courts have stressed the intensely fact-specific nature of the inquiry."); *Resilient Floor Covering Pension Tr. Fund Bd. of Trustees v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1093 (9th Cir. 2015) ("The successorship standards are flexible and must be tailored to the circumstances at hand."). Moreover, "[b]ecause the origins of successor liability are equitable, fairness is a prime consideration in its application." *Sullivan*, 623 F.3d at 782 (quoting *Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir.1989)).

To that end, there are three main factors courts consider for successor liability in the employment discrimination context: "(1) the continuity in operations and work force of the successor and predecessor employers, (2) the notice to the successor employer of its predecessor's legal obligation, and (3) the ability of the predecessor to provide adequate relief directly." *Bates*, 744 F.2d at 709–10. Here, the balance of factors weighs against the application of successor liability.

First, there is a continuity of business between United and Westwind School. At argument, defense counsel conceded that Westwind School continues to function as it did before being purchase by United. Thus, this factor weights in favor of the imposition of successor liability.

Second, Plaintiff does not allege facts showing that United had notice of the February 2020 Allegation when United purchased Westwind School. (*See* Docs. 1; 30.)

Plaintiff merely argues that United "should have" known. (Doc. 30 at 6.) But United purchased Westwind School during the same month that the 2020 Charge was filed—which was months after the alleged discriminatory event that gave rise to the 2020 Charge—and Plaintiff does not provide any facts showing that United was aware of the discriminatory event or the 2020 Charge. For its part, United claims that it had no notice of the 2020 Charge and was not represented or involved at the charge stage. (Doc. 33 at 3.) This factor weighs against the imposition of successor liability.

Third, the predecessor employer, Westwind School, can provide adequate relief. This case is not akin to the typical successor liability case, where a defendant is pursuing liability against a defunct predecessor employer and must hold the successor company liable to obtain a remedy. *See, e.g.*, *Criswell v. Delta Air Lines*, Inc., 868 F.2d 1093, 1095 (9th Cir. 1989) (imposing successor liability because a previous airline was "clearly incapable of providing the relief" as "it no longer exist[ed] as a corporate entity."). Instead, here, Westwind School *still* exists as an individual entity and is a party to the suit—it is simply owned by United now. (*See* Doc. 33 at 3.) This factor also weighs against the imposition of successor liability.

Therefore, the Court finds that successor liability is inappropriate here, and the claims against United must be dismissed.

### C. Amendment

After Defendants filed their motions to dismiss, Plaintiff filed a Motion to Amend. (Doc. 36.) Although it is not entirely clear, the Court construes Plaintiff's Motion as adding several defendants, as well as claims for race and age discrimination, retaliation, and defamation. (*See id.*; Doc 41.) Defendants argue that Plaintiff's Motion to Amend is procedural deficient and contains futile amendments, which would be subject to dismissal. (*See generally* Docs. 37; 38; 42; 43.) The Court agrees with Defendants.

#### 1. Procedural Defects

As Defendants highlight, Plaintiff's Motion fails to comply with Local Rule 15.1(a). That rule requires a party seeking to amend a pleading to "attach a copy of the proposed

1 amended pleading as an exhibit to the motion, which must indicate in what respect it differs
2 from the pleading which it amends, by bracketing or striking through the text to be deleted
3 and underlining the text to be added." LRCiv 15.1(a). Plaintiff has failed to comply with
4 this requirement. (*See* Doc. 36.)

In an apparent attempt to remedy this shortcoming, Plaintiff filed what the Court will construe as a (belated) Proposed Amended Complaint on February 1, 2022. (*See* Doc. 41.) The untimely nature of the filing aside, this document also fails to comply with Local Rule 15.1(a). (*See generally id.*) Namely, it does not "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added" with any degree of consistency. LRCiv 15.1(a).

Nonetheless, all Defendants filed supplemental responses to Plaintiff's Proposed Amended Complaint and addressed the substance of the proposed amendments. (*See* Docs. 42; 43.) For this reason—and because doing so will not alter the Courts conclusion—the Court will address the substantive failings of the proposed amendments.

2. Futility of Amendments

Procedural defects aside, Defendants argue that Plaintiff's proposed amendments are futile, and should cause the Court to deny Plaintiff's Motion. (Doc. 37 at 2–3; Doc. 38 at 2; Doc. 42 at 3–9; Doc. 43 at 3–6.) Although courts are instructed to "freely" grant amendments to the pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile," *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Indeed, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (quoting *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)); *see also Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("If the amendments to the complaint will fail to cure fatally defective allegations, refusal to allow leave to file the amended complaint is acceptable."). Here, the proposed amendments do not cure the Complaint's defects and would be futile.

First, Plaintiff's amendment adding claims of racial and age discrimination, as well as retaliation—under Title VII and the Age Discrimination in Employment Act of 1967—would be futile. As discussed above, Plaintiff must exhaust his administrative remedies before bringing such claims. *National R.R. Passenger Corp.*, 536 U.S. at 109–11. However, none of these claims are contained within the 2020 Charge, nor does Plaintiff allege that he has filed separate charges for these claims. Indeed, Plaintiff admits that he is currently seeking to amend the 2020 Charge with the EEOC to add these claims. (*See* Doc. 41 at 9.) Thus, Plaintiff has not exhausted his administrative remedies.

Second, Plaintiff's defamation claim against Westwind Air is also futile. Under Arizona law, claims of defamation have a one-year statute of limitations. A.R.S. § 12-541; *see also Larue v. Brown*, 333 P.3d 767, 770 (Ariz. Ct. App. 2014) ("A plaintiff has one year after a defamation action accrues to commence and prosecute his claim.") Here, Plaintiff alleges that the defamatory statements took place in 2014, which exceeds the one-year statute of limitations. Thus, this claim is time-barred.

Third, the proposed claims against Mesa Airlines, Inc.; Skywest Airlines, Inc.; and Air Line Pilots Association, International (collectively, "Proposed Defendants") are similarly futile and would unduly delay the litigation. As an initial matter, the claims asserted against Proposed Defendants are unrelated to any of the underlying conduct at issue in the instant suit. (*See* Doc. 41 at 14–24.) The addition of such claims would unnecessarily delay the litigation. What's more, some of the proposed claims appear to have already been litigated in administrative proceedings. *See, e.g.*, *Aziz Aityahia v. Mesa Airlines*, 2020 WL 3722139, at *1–2 (addressing alleged retaliation by Mesa Airlines against Plaintiff in violation of the whistleblower protection provisions of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121); (*see also* Doc. 42 (collecting cases)). Furthermore, the defamation claims against Proposed Defendants are outside the one-year statute of limitations. (*See* Doc. 41 at 14–24 (alleging defamation by Skywest Airlines around 2010–11 and by Mesa Airlines and Airline Pilots Association in 2013).) Consequently, they are time-barred, A.R.S. § 12-541; *Larue*, 333

P.3d at 770, and their addition to this suit would be futile.

\* \* \* \*

Because Plaintiff's proposed amendments suffer from fatal procedural and substantive defects, the Court will deny Plaintiff's Motion to Amend. Accordingly, only one of Plaintiff's claims survives this order: the claim against Westwind School for discriminatory failure to hire in February of 2020, which was the subject of the 2020 Charge. Westwind Defendant's expressly omitted that claims from their Motion to Dismiss, (*see generally* Doc. 14), and Plaintiff may proceed with it. However, all Pre-2020 Claims against Westwind School will be dismissed, and all claims against Westwind Air and United will be dismissed.

### IV. CONCLUSION

Therefore,

**IT IS ORDERED** granting Westwind Defendants' Partial Motion to Dismiss. (Doc. 14.)

**IT IS FURTHER ORDERED** granting United's Motion to Dismiss. (Doc. 18.)

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend. (Docs. 36.)

Dated this 4th day of March, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge