**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aziz Aityahia,<br><br>        Plaintiff,<br><br>v.<br><br>Westwind School of Aeronautics, et al.,<br><br>        Defendants. | No. CV-21-01109-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Westwind School of Aeronautics, Phoenix, LLC's ("Westwind") Motion for Summary Judgment. (Doc. 85.) Plaintiff Aziz Aityahia ("Plaintiff") filed a Response (Doc. 97), and Westwind filed a Reply (Doc. 104). The Court exercises its discretion to resolve this Motion without oral argument. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). After reviewing the parties' briefing, arguments, and the relevant law, the Court will grant Westwind's Motion for the following reasons.

**I.  BACKGROUND**

This case resulted from Westwind's revoking a job offer it made to Plaintiff. Westwind operated an aeronautical school that trained student pilots, and it employed certified flight instructors to train those students. (Doc. 86 at 1–2.) Plaintiff applied to work as a Westwind flight instructor in February 2020. Westwind's chief flight instructor, Tobin Wells, reviewed Plaintiff's application and invited him for an interview. (*Id.* at 4, 6.) Wells then offered Plaintiff a certified flight instructor position and informed Plaintiff

of Westwind's new hire orientation. (*Id.* at 6.) Wells' communication of Plaintiff's offer was met with surprise by other Westwind employees. (*See id.* at 7.) Pete Hatchett, Westwind's Director of Operations, and Nicholas Beaird, Westwind's Human Resources Manager, reminded Wells of Westwind's recently implemented hiring freeze and instructed Wells to rescind Plaintiff's offer. (*Id.* at 4, 7.) Wells ultimately rescinded Plaintiff's offer via email. (*Id.* at 7–8.)

In July 2020, Plaintiff filed discrimination charges with the Arizona Civil Rights Division and the Equal Employment Opportunity Commission, alleging Westwind refused to hire him based on his Algerian national origin. (Doc. 78 at 2.) Plaintiff filed this lawsuit the following year, which also alleged claims based on discrimination that occurred before Westwind rescinded his offer in February 2020. (*Id.*) After the Court's October 26, 2022 ruling, only Plaintiff's claim for national origin discrimination under the Arizona Civil Rights Act and Title VII of the Civil Rights Act of 1964 remained. (*Id.* at 10.) Westwind now moves for summary judgment on discrimination claim. (*See* Doc. 85.)

**II.    LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). The court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* at 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial burden, the non-movant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility, the burden then shifts to the non-movant to establish the existence of a genuine issue of material fact. *Id.* at 1103. The non-movant need not establish a material issue of fact conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted). However, in the summary judgment context, the Court believes the non-movant's evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

**III.   DISCUSSION**

Westwind argues summary judgment is necessary because Plaintiff has offered no direct evidence of discrimination, Plaintiff has not established a prima facie case of national origin discrimination, and Plaintiff has not demonstrated Westwind's supposed pretext for rescinding its employment offer. (Doc. 85 at 1.) The Court notes that Plaintiff did not file a separate Controverting Statement of Facts as required by LRCiv 56.1(b). Instead, Plaintiff merely "disputes" some of Westwind's facts in his Response. (*See, e.g.*, Doc. 97

at 3–6.)

"Title VII prohibits employers from discriminating against any individual on the basis of race, color, religion, sex, or national origin." *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 (9th Cir. 2019) (citing 42 U.S.C. § 2000e 2(a)(1)). Because Title VII and the Arizona Civil Rights Act are "generally identical," federal case law is persuasive when courts interpret the latter. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (quoting *Higdon v. Evergreen Int'l Airlines, Inc.*, 673 P.2d 907, 909–10 n.3 (Ariz. 1983)). Courts "analyze Title VII claims . . . under the *McDonnell Douglas* burden-shifting framework." *Weil*, 922 F.3d at 1002. Plaintiffs alleging discrimination must first establish a prima facie case. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Plaintiffs may present direct evidence of discriminatory intent, *Green v. Maricopa Cnty. Cmty. College Sch. Dist.*, 265 F. Supp. 2d 1110, 1119 (D. Ariz. 2003), or alternatively show:

(i) that he belongs to a racial minority;
(ii) that he applied and was qualified for a job for which the employer was seeking applicants;
(iii) that, despite his qualifications, he was rejected; and
(iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas*, 411 U.S. at 802. The burden of proof in this context is minimal. *Green*, 265 F. Supp. 2d at 1119. "Once the prima facie case is made, a presumption of unlawful discrimination is created and the burden shifts to the defendant to articulate a 'legitimate, nondiscriminatory reason' for its action." *Weil*, 922 F.3d at 1002 (quoting *McDonnell Douglas*, 411 U.S. at 802). "If the defendant meets that burden, the plaintiff must produce evidence that the defendant's 'proffered nondiscriminatory reason is merely a pretext for discrimination.'" *Id.* (quoting *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005)).

Westwind asserts Plaintiff cannot establish the second or fourth elements of prima facie discrimination because its hiring freeze predated Plaintiff's application and continued well after Westwind made and revoked its offer. (Doc. 85 at 7–8.) Westwind specifically

- 4 -

argues that it was not seeking applicants for the job it offered to Plaintiff, nor did it continue to seek applicants after it revoked Plaintiff's offer. (*Id.*) United Airlines agreed to acquire Westwind in late January 2020. (Doc. 86-1 at 8.) In preparation of this acquisition, Westwind opted to pause flight instructor hiring. (*Id.* at 9.) Westwind supports its assertion with an email Beaird received from ZipRecruiter confirming the cancellation of Westwind's auto-renewal for job postings with the explanation listed as "Hiring Pause." (*Id.* at 18.) Westwind also points to internal emails between Beaird and Wells, when Beaird mentioned that had Wells followed the company's hiring protocol, Plaintiff would not have received an offer "because of the company not needing to hire any additional instructors." (*Id.* at 20.) The hiring freeze continued after United Airlines completed the acquisition because the Covid-19 Pandemic caused a "significant decline in enrollment." (Doc. 86 at 8.) Westwind contends it did not hire another flight instructor until July 2021. (*Id.*; Doc. 86-1 at 5.)

Plaintiff disagrees that Westwind's rescinding his offer was related to a hiring freeze. Specifically, Plaintiff argues Westwind's internal emails do not evidence a hiring freeze and that those emails show Westwind hired more comparable applicants after it revoked his offer. (Doc. 97 at 4–7.) Despite his disagreement, Plaintiff offers no evidence to support his contentions. Plaintiff points to no evidence supporting his belief that Westwind had not instituted a hiring freeze. Plaintiff also fails to identify any evidence showing that Westwind continued to seek applicants after it rescinded his offer. Westwind explains that it hired nine people before the freeze began, and those nine instructors began their employment in February 2020. (Doc. 86 at 5.) Plaintiff attempts to show that Westwind had hired a new applicant (after revocation of his offer) and points to a list of new flight instructors in Westwind's email that was not identical to the list Westwind produced in response to an interrogatory. (Doc. 97 at 6–7.) But this discrepancy does not alone establish that the mentioned candidates were hired after Plaintiff's offer was revoked. In the absence of any direct evidence of discriminatory intent or indirect evidence supporting elements two or four of the *McDonnell Douglas* standard, the Court finds

Plaintiff has not established a prima facie case of discrimination.  *See* 411 U.S. at 802.  The Court will therefore grant summary judgment on Plaintiff's discrimination claims.

Even if Plaintiff had established a prima facie case, the Court would nonetheless grant summary judgment in Westwind's favor.  Westwind provided uncontroverted evidence of a legitimate, non-discriminatory reason to revoke Plaintiff's job offer—Westwind did not want to complicate the transition process, sparked by the United Airlines acquisition, by bringing on new staff.  The hiring freeze that Westwind implemented was then elongated as an economic consequence of Covid-19.

Plaintiff would have had one final opportunity to avoid summary judgment by providing evidence of discriminatory pretext.  The Ninth Circuit has stated "that a plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is "unworthy of credence" because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer."  *Chuang*, 225 F.3d at 1127 (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220–22 (9th Cir. 1998), *as amended* (Aug. 11, 1998)).  Significantly, these two approached are not mutually exclusive, and "a combination of the two kinds of evidence may in some cases serve to establish pretext so as to make summary judgment improper."  *Id.*  As noted above, Plaintiff failed to present contradictory evidence.  Plaintiff cannot point to any indirect evidence that Westwind's explanation is internally inconsistent or unbelievable.  In contrast, the emails Plaintiff cites show that Wells failed to follow Westwind's hiring protocols when he offered Plaintiff the position.  Hatchett and Beaird communicated Westwind's recently established policy prohibiting the hiring of any new flight instructors, and then they instructed Wells to revoke Plaintiff's offer.  The Court has similarly found no evidence that Westwind was motivated by any discriminatory intent.  Despite Plaintiff's low evidentiary burden, the Court finds that Plaintiff's case fails at each possible step of the burden-shifting framework.  *See Weil*, 922 F.3d at 1002.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Westwind's Motion for Summary Judgment. (Doc. 85.)

**IT IS FURTHER ORDERED** vacating the Final Trial Management Conference and the Trial scheduled in this case.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment and terminate this case.

Dated this 7th day of July, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge